UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WYATT BRAFFORD,

Plaintiff,

v.

SSA COMMISSIONER,

Defendant.

Case No. 23-cv-06479-TSH

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**

Re: Dkt. No. 19

## I.    INTRODUCTION

After Plaintiff Wyatt Brafford brought this action for review of the Commissioner of Social Security's decision to deny benefits, the Court remanded the case and the Commissioner issued a favorable decision.  Plaintiff's attorney, Katherine R. Siegfried, now seeks $34,996 in attorney's fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b).  ECF No. 19. For the following reasons, the Court **GRANTS** the motion.

## II.    BACKGROUND

Plaintiff brought this action for judicial review under the Social Security Act, 42 U.S.C. § 405(g).  On May 3, 2024, the Court granted the parties' stipulation to remand for further proceedings.  ECF No. 14.  The Court subsequently granted the parties' stipulation for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $7,500. ECF No. 18.  On remand, the Commissioner granted Plaintiff's application and awarded benefits. Siegfried Decl. ¶ 6, ECF No. 19-2; *id.*, Ex. 2 (Notice of Award), ECF No. 19-5.  The Notice of Award states that 25% of Plaintiff's applicable past-due benefits is $34,996.  Notice of Award at 3.

Siegfried filed the present motion on November 20, 2025.  Under a contingent-fee

agreement, Plaintiff agreed to pay counsel up to 25% of any past-due benefits award. Siegfried Decl. ¶ 4 & Ex. 1 (Fee Agreement); Brafford Decl. ¶ 2, ECF No. 19-3. As such, Siegfried seeks $34,996. The government filed a response disclaiming any direct financial stake in the outcome of the motion and affirming its role in fee determination as akin to a "trustee for the claimants." ECF No. 21 at 2 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002)). Plaintiff has not filed an objection to the motion for fees and the deadline for doing so has passed.

### III.    LEGAL STANDARD

Section 406(b) provides: "Whenever a court renders a judgment favorable to a [social security] claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee" to claimant's attorney; such a fee can be no more than 25 percent of the total of past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court, for instance, remands for further consideration, the court may calculate the 25 percent fee based upon any past-due benefits awarded on remand. *See, e.g., Crawford v. Astrue*, 586 F.3d 1142, 1144 (9th Cir. 2009) (en banc).

Under Section 406(b), a court must serve "as an independent check" of contingency fee agreements "to assure that they yield reasonable results." *Gisbrecht*, 535 U.S. at 807. Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead, [Section] 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id*. at 808-09. The court's review of a fee agreement is based on the character of the representation and the results achieved, *see id*. at 808, and can include analyzing: whether counsel provided substandard representation; any dilatory conduct by counsel to accumulate additional fees; whether the requested fees are excessively large in relation to the benefits achieved; and the risk counsel assumed by accepting the case. *See Crawford*, 586 F.3d at 1151-52.

A court must offset an award of Section 406(b) attorneys' fees by any award of fees granted under the EAJA. *See Gisbrecht*, 535 U.S. at 796; *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012).

United States District Court
Northern District of California

2

United States District Court
Northern District of California

## IV.   DISCUSSION

The Court finds counsel has met her burden to demonstrate the requested fees are reasonable.  As noted above, Plaintiff entered into a contingent fee agreement providing for a 25% fee, which is consistent with the statutory cap.  There is no evidence Siegfried's performance was substandard; to the contrary, counsel's representation resulted in Plaintiff receiving $139,984 in past-due benefits.  *See N.N. v. Bisignano*, 2025 WL 2856296, at *3 (N.D. Cal. Oct. 8, 2025) (awarding Ms. Siegfried 25% under contingent fee agreement where plaintiff received $90,450 in benefits upon remand); *Brenn v. O'Malley*, 2025 WL 2419268, at *2 (N.D. Cal. Aug. 21, 2025) (awarding Ms. Siegfried 25% under contingent fee agreement where plaintiff received $174,914 in benefits upon remand).

Siegfried states her non-contingency based hourly rate for appellate cases (not related to Social Security) is currently $500 per hour.  Siegfried Decl. ¶ 2.  She states she spent 32 hours working on this case, leading to an effective hourly rate of $1,093.63 per hour.  *Id.* ¶ 5.  While this is higher than her typical rate, the Court is mindful of the Ninth Circuit's instruction that "lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees" because "[t]he payoff is too uncertain."  *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).  "As a result, courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'"  *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (quoting *Moreno*, 534 F.3d at 1112); *see also Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("The courts recognize that basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss.").  As such, the requested fee is reasonable because of the substantial risk of loss inherently involved in representing Social Security disability claimants.  *See Crawford*, 586 F.3d at 1153; *Kraft v. Comm'r of Soc. Sec.*, 2025 WL 3522722, at *2 (N.D. Cal. Dec. 9, 2025) (approving effective hourly rate of $1,491 per hour for Ms. Siegfried); *Ainsworth v. Berryhill*, 2020 WL 6149710, at *2 (N.D. Cal. Oct. 20, 2020) (approving effective hourly rate of $1,325.34).  The Court therefore finds the requested fees are reasonable.

Once the Court determines that the fee sought under § 406(b) is reasonable, it must account for the attorney's fees paid by the Commissioner under the EAJA. *Gisbrecht*, 535 U.S. at 796. "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits. *Gisbrecht*, 535 U.S. at 796. Here, the Court finds counsel's § 406(b) request reasonable, and therefore counsel shall refund to Plaintiff the $7,500 in EAJA fees previously awarded. *See Khlopoff v. Saul*, 2020 WL 7043878, at *2 (N.D. Cal. Dec. 1, 2020) (finding § 406(b) request reasonable and directing counsel to refund to client fees previously awarded under the EAJA).

## V.   CONCLUSION

For the reasons stated above, the Court **GRANTS** counsel's motion for attorney's fees. The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $34,996, payable to Katherine Siegfried. Counsel is **ORDERED** to refund the $7,500 EAJA fee award to Plaintiff.

**IT IS SO ORDERED.**

Dated: January 26, 2026

_____
THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

4